UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | |
|---|---|
| Kyle A. Page,<br>On behalf of Himself<br>All Others Similarly Situated,<br><br>      Plaintiff,<br>  v<br><br>Forster & Garbus, LLP, Navient Solutions, Inc.,<br>Navient Solutions, LLC,<br>SLM Private Credit Student Loan Trust 2006-C,<br>Mark A. Garbus, and Ronald Forster,<br><br>      Defendants. | Civil Action, File No. |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Kyle A. Page [hereinafter "Page"] on behalf of himself and all others similarly situated, by and through his attorney, Mitchell L. Pashkin, Esq., complains of Defendants, Forster & Garbus, LLP ("F&G"), Navient Solutions, Inc. and Navient Solutions, LLC (collectively or individually known as "Navient"), SLM Private Credit Student Loan Trust 2006-C ("SLM"), Mark A. Garbus ("Garbus"), and Ronald Forster ("Forster"), collectively, individually and in any combination known as Defendants and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on Defendants' regular transaction of business within this district.  Venue in this district also is proper based on one or more Defendants possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district.  Defendants also

  derive substantial revenue from services rendered in this district. The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Page is a natural person who resides at 147 Weed Avenue, Hawthorne, NY 10532.

6. Page is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. F&G is a limited liability partnership with a principal place of business located at 60 Motor Parkway, Commack, NY 11725.

8. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs. Pursuant to New York City Local Law No. 15, a Debt Collection Agency includes any attorney-at-law or law firm engaging in traditional debt collection activity. See also Eric M. Berman, P.C. v. City of N.Y., 796 F.3d 171 (2nd Cir., 2015).

9. F&G possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

10. On the second page of Exhibit A, F&G sets forth that it is a debt collector attempting to collect an alleged debt. Exhibit A, contain disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt" or in connection with the collection of a "debt".

11. Based upon Exhibit A and upon F&G possessing a license from the New York City

Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of F&G is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

12. Based upon the allegations in the above four paragraphs, F&G is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

13. On September 14, 2017, F&G at the request and/or with the authority of Navient and on behalf of SLM filed Exhibit A against Page.

14. On October 16, 2017, F&G at the request and/or with the authority of Navient and on behalf of SLM served Exhibit A on Page.

15. For the reasons set forth below, Page's receipt and reading of Exhibit A deprived Page of his rights to not be subject to abusive, deceptive, or misleading debt collection practices.

16. Per Exhibit A, Exhibit A was filed and served to attempt to collect from Page an educational loan debt.  Also, Exhibit A, was an attempt to collect this past due debt from Page in his individual capacity.  Therefore, the past due debts at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

17. Navient is a Delaware Limited Liability Company and a New York Foreign Limited Liability Company.

18. The principal purpose of Navient is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

19. Navient is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

20. SLM is a Delaware Statutory Trust.

21. A debt collector as defined by the FDCPA, 15 U.S.C. § 1692b(6), is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." The FDCPA itself does not define the word "person"; but the Dictionary Act's definition of a person expressly includes "corporations" and "companies".  See 1 USC 1.

22. SLM's business consists entirely of taking assignment of student loans originated by a bank, hiring servicers to service these loans and collect the payments due on these loans, and, upon a person's default on the repayment of these loans, hiring agents, attorneys, and/or third-party debt collectors to attempt to collect these defaulted loans.

23. If the aforementioned agents, attorneys, and/or third-party debt collectors hired to attempt to collect the aforementioned purchased defaulted loans are able to obtain payment, the payments are made payable to SLM and/or are received on behalf of or for the benefit of SLM.

24. As revealed from a search of the New York State Unified Court System eCourts website ("eCourts"), on a consistent and regular basis over a period of numerous years through the present, SLM has been the plaintiff in numerous consumer debt collection lawsuits such as Exhibit A where the lawsuit alleged that SLM took assignment of the loan.

25. Based upon Exhibit A, and the above allegations, the principal purpose of SLM is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and therefore, SLM is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

26. A debt collector as defined by the FDCPA, 15 U.S.C. § 1692b(6), is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." The FDCPA itself does not define the word "person"; but the Dictionary Act's definition of a person expressly includes an "individual".  See 1 USC 1.  15 U.S.C. § 1692b(6) contains specific exclusions; and an attorney who is an officer or employee of a law firm named after himself is not among those excluded.

27. Garbus is an "individual" with a principal place of business located at "debt collector" F&G, a partner of the "debt collector" F&G, a main financial beneficiary of "debt collector" F&G, and/or controls and/or supervises the debt collection activities of "debt collector" F&G. Garbus therefore is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Therefore, Garbus is a debt collector as defined by 15 U.S.C. § 1692b(6) and 1 USC 1.

28. Garbus is accordingly liable to Plaintiff based on being a "debt collector" and based on the acts of F&G.

29. A debt collector as defined by the FDCPA, 15 U.S.C. § 1692b(6), is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." The FDCPA itself does not define the word "person"; but the Dictionary Act's definition of a person expressly

includes an "individual". See 1 USC 1. 15 U.S.C. § 1692b(6) contains specific exclusions; and an attorney who is an officer or employee of a law firm named after himself is not among those excluded.

30. Forster is an "individual" with a principal place of business located at "debt collector" F&G, a partner of the "debt collector" F&G, a main financial beneficiary of "debt collector" F&G, and/or controls and/or supervises the debt collection activities of "debt collector" F&G. Forster therefore is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Therefore, Forster is a debt collector as defined by 15 U.S.C. § 1692b(6) and 1 USC 1.

31. Forster is accordingly liable to Plaintiff based on being a "debt collector" and based on the acts of F&G.

### FIRST CAUSE OF ACTION-CLASS CLAIM

32. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-31 of this Complaint.

33. Navient, on behalf of itself and SLM issued work standards, directives, and/or guidelines to F&G which contained instructions, controls, and rules governing the steps F&G could and could not take to attempt to collect debts including the filing and prosecution of lawsuits. These instructions, controls, and rules controlled and/or substantially effected all the actions F&G took regarding the attempt to collection the educational loan debt via Exhibit A.

34. All the actions alleged in this Complaint taken by F&G were taken by F&G as the attorney and/or "debt collector" for, on behalf of, or at the request of the "debt collector" Navient and

SLM.

35. Based on the allegations in paragraphs 33 and 34 of this Complaint, Navient and SLM are vicariously liable for the actions of F&G in attempting to collect the educational loan debt via the filing and/or service of Exhibit A.

36. Exhibit A amounted to a false, deceptive or misleading means in connection with the collection of a debt by F&G, Navient, SLM, Garbus, and Forster in violation of 15 USC 1692e, 15 USC 1692e(2)(A), 15 U.S.C. § 1692e(3), 15 U.S.C. § 1692e(5), and 15 USC 1692e(10).

## SECOND CAUSE OF ACTION-CLASS CLAIM

37. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-31.

38. Navient, on behalf of itself and SLM issued work standards, directives, and/or guidelines to F&G which contained instructions, controls, and rules governing the steps F&G could and could not take to attempt to collect debts including the filing and prosecution of lawsuits. These instructions, controls, and rules controlled and/or substantially effected all the actions F&G took regarding the attempt to collection the educational loan debt via Exhibit A.

39. All the actions alleged in this Complaint taken by F&G were taken by F&G as the attorney and/or "debt collector" for, on behalf of, or at the request of the "debt collector" Navient and SLM.

40. Based on the allegations in paragraphs 33 and 34 of this Complaint, Navient and SLM are vicariously liable for the actions of F&G in attempting to collect the educational loan debt via the filing and/or service of Exhibit A.

41. Exhibit A amounted to an unfair or unconscionable means to collect or attempt to collect a debt by F&G, Navient, SLM, Garbus, and Forster in violation of 15 USC 1692f, and/or 15 USC 1692f (1).

### THIRD CAUSE OF ACTION-CLASS CLAIM

42. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-41 of this Complaint.

43. The filing and/or service of Exhibit A by F&G was deceptive or misleading.

44. The filing and/or service of Exhibit A by F&G was consumer oriented for the following reasons:

    a. It was directed at Plaintiff;

    b. Plaintiff is a consumer;

    c. The conduct at issue against Plaintiff, a consumer, affected or had the potential to affect similarly situated consumers; and

    d. Defendants regularly attempt to collect student loans and other consumer debts from hundreds or thousands of consumers. A lawsuit identical or similar to Exhibit A was directed at numerous numbers of these consumers.

45. Plaintiff suffered injuries as a result of the deceptive or misleading actions including but not limited to the aforementioned violations of his rights under the FDCPA, the cost of retaining an attorney to defend him, and the emotional distress of being sued.

46. Navient is vicariously liable and/or directly responsible for each action, deception, and misrepresentation resulting from the filing and/or service of Exhibit A.

47. The actions by F&G and Navient set forth in this Complaint were done by F&G and Navient as the attorney and/or agent of and for the benefit of SLM.

48. The actions by F&G and Navient set forth in this Complaint were done by F&G and Navient with the knowledge and/or authority of SLM.

49. In light of the allegations in this cause of action, each action, deception, and misrepresentation resulting from the filing and/or service of Exhibit A constitute a violation of General Business Law 349 by Defendants.

## CLASS ALLEGATIONS

50. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

51. The class consist of (a) all natural persons (b) who were sued by or on behalf of any of the Defendants between September 14, 2014 and the present (c) via a lawsuit materially identical or substantially similar to Exhibit A

52. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

53. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

54. The predominant common question is whether Defendants' lawsuits violate the FDCPA.

55. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

56. A class action is the superior means of adjudicating this dispute.

57. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests the following relief:

1. A Judgment against Defendants in favor of Plaintiff and the class members for statutory

and actual damages in an amount to be determined at trial, and costs and attorney's fees;

and

2. Any and all other relief deemed just and warranted by this court.

Dated:   October 16, 2018

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 335-1107